**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-0137-CVE |
| | ) | (12-CV-0101-CVE-TLW) |
| AARON EUGENE COPELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On February 27, 2012, defendant Aaron Eugene Copeland, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 18). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**I.**

On August 5, 2008, the grand jury returned a single-count indictment charging defendant with possessing a firearm after former felony conviction in violation of 18 U.S.C. § 922(g). Dkt. # 2. Six prior felony convictions were listed in the indictment. Defendant made his initial appearance on August 8, 2008, and Assistant Federal Public Defender Shannon McMurray was appointed to represent defendant. Dkt. # 6. On September 9, 2008, defendant entered a guilty plea without a plea agreement, and presented a petition to enter plea of guilty (Dkt. # 13) to the Court. In the petition, defendant admitted the following facts:

> As alleged in the indictment in Count One, I did on or about June 14, 2008, knowingly possess a firearm, specifically, a Taurus .32 caliber pistol, serial number 659227. At the time of the possession of the firearm I was a convicted felon for crimes punishable by imprisonment for a term exceeding one (1) year. I am aware that the firearm was not manufactured in Oklahoma and therefore my possession of the firearm did affect interstate commerce. All these events occurred [sic] Tulsa, Oklahoma in the Northern District of Oklahoma.

Dkt. # 13, at 2. He acknowledged that the "Court will not permit anyone to plead 'GUILTY' who maintains he is innocent and, with that in mind and because I am GUILTY and do not believe I am innocent, I wish to plead GUILTY . . . ." Id. at 3.

At the change of plea hearing, the Court initially asked counsel for both sides if the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), would apply in this case. Dkt. # 24, at 3. The Court stated that defendant's prior felony convictions for possession of cocaine base for sale and transportation or sale of a controlled substance would likely qualify as serious drug offenses. Both attorneys agreed that the application of the ACCA would depend on whether defendant's conviction for second degree burglary qualified as a violent felony. Id. at 3-4. The Court advised defendant that he would face a maximum sentence of 10 years imprisonment if the ACCA did not apply. Id. at 11. However, if the ACCA did apply, defendant was advised that he would face a mandatory minimum sentence of 15 years and maximum sentence of life imprisonment. Id. The Court further advised defendant that it would not be able to determine his sentence until a pre-sentence investigation report (PSR) was prepared by the probation officer, and the Court reiterated that defendant could be facing a mandatory minimum sentence of 15 years if the ACCA was applicable. Id. at 13. After reading the indictment to defendant and advising him of the essential elements of the offense, the Court asked defendant to state in his own words what he did to commit the charged offense. Id. at 22. Defendant stated that he "[didn't] want to answer that," but he agreed to answer

2

specific questions concerning the offense. Id. In response to the Court's questions, defendant admitted that he was in Tulsa, Oklahoma on June 14, 2008 and that he possessed a firearm on the date. Id. at 22-23. He knew that he had been convicted of a felony before he possessed the firearm and he acknowledged that he had since learned that the firearm traveled across state lines. Id. at 23. Counsel for the government stated that the government would be prepared to prove that Tulsa Police Department (TPD) officers approached defendant's vehicle in a parking lot, and defendant made a "furtive movement under the seat" as they walked up to the vehicle. Id. at 25. The officers observed a firearm under the front seat of the vehicle and removed defendant from the vehicle. Id. They checked defendant's criminal history and found that he had prior felony convictions, and they arrested him for being a felon in possession of a firearm. Id. Based on defendant's admissions and the representation by counsel for the government, the Court accepted defendant's guilty plea as knowing and voluntary, and set a sentencing hearing for December 5, 2008.

A PSR was prepared by the probation office, and the PSR recommended that defendant's sentence be enhanced under the ACCA. Specifically, defendant had two prior convictions for serious drug offenses and a prior conviction for a violent felony, and defendant qualified as an armed career criminal under the ACCA. This resulted in an offense level of 33, which was reduced by 3 levels due to defendant's acceptance of responsibility, for a total offense level of 30. Defendant had 9 criminal history points and he was in Criminal History Category IV under the United States Sentencing Guidelines. Applying a total offense level of 30 and a criminal history category of IV, the guideline range for imprisonment was 135 to 168 months, but the statutory mandatory minimum under the ACCA was 180 months. On December 5, 2008, the Court held a sentencing hearing and

defendant was sentenced to 180 months imprisonment. Defendant made the following remarks at the sentencing hearing:

> I would like to, first of all, apologize to my fiancee and my family for all the hurt and pain that this has sent them through. I would also ask for them to forgive me for the pain that this has caused them. And I hope they find it in their heart to forgive me for finding – putting myself in this unfortunate situation. I would like to also thank the PSI investigators for being fair with the investigation and the point system. I would like to also thank my attorney, who's present, even though she was late today, Ms. McMurray . . . for all that's she's done for me. And I speak for my family as well, who appreciate you. I would also like to address the Court, Your Honor, you, who has my liberty in your hands. I would ask – the Court, from my understanding, reading the paperwork that I've received, has the power to follow or not follow the guidelines. I would ask the Court to illustrate that power and not use the guidelines in this case and charge me as an armed career criminal; but to – according to the point system, since it's me today, to no more than a term of ten years, which would be what I would be facing had we used the point scale.

Dkt. # 25, at 8-9.[1] The Court entered a judgment and commitment on December, 9, 2008. Defendant did not appeal his conviction or sentence to the Tenth Circuit Court of Appeals, and his conviction became final ten days after entry of judgment.[2] Thus, defendant's conviction became final on December 23, 2008.

Defendant filed this § 2255 motion on February 27, 2012 alleging that the arresting officers, Callison Kaiser and Eric Hill, were charged with "stealing money and drugs as well as a plethora of other illegal activities," and he argues that was wrongfully convicted. Dkt. # 18, at 4. He claims that he maintained his innocence throughout these proceedings and he pled guilty only after his

---

[1] The transcript states that part of the statement was made by defense counsel. However, the Court has reviewed the audio recording of the sentencing hearing and the full statement was made by defendant.

[2] The Federal Rules of Appellate Procedure were amended effective December 1, 2009 and the time to file an appeal in criminal cases is now 14 days. However, defendant's judgment was entered before this amendment took effect and he had 10 days to file an appeal under the former version of Fed. R. App. P. 4(b)(1).

attorney advised him that "NOBODY will believe an ex-felon over two police officers." Id. Defendant has attached a partial copy of an indictment against three other TPD officers[3] identifying Kaiser and Hill as unindicted co-conspirators in a scheme to, inter alia, distribute illegal drugs and steal money and property. The government filed a response to defendant's § 2255 motion (Dkt. # 26), and defendant filed a reply (Dkt. # 28).

## II.

The government argues that defendant's § 2255 motion is untimely, and it asks the Court to dismiss the motion. Defendant states that it is "actually irrelevant as to when the defendant filed his brief" and he suggests that the Court may consider the merits of his claims regardless of the timeliness of his motion. Dkt. # 28, at 1. To the extent that he offers any argument on this issue, he claims that his motion is based on newly discovered evidence that was not available to him at the time of his conviction, and that his motion should be deemed timely.

Section 2255 provides a one year statute of limitations for initial motions to vacate, set aside, or correct sentence, and the statute of limitations begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] The three TPD officers indicted in Case No. 10-CR-116-BDB were Harold Wells, Nick Debruin, and Ernest Bruce Bonham. Wells was convicted on various drug and theft charges and sentenced to 10 years imprisonment. Debruin and Bonham were acquitted by a jury but were later fired by the TPD based on the conduct giving rise to the criminal charges.

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant's conviction became final on December 23, 2008, and his § 2255 motion was filed on February 27, 2012; his motion is untimely under subsection (f)(1). However, defendant argues that he discovered new evidence and his motion is timely under subsection (f)(4).

To establish that his § 2255 motion is timely, defendant must do more than state that he learned of new information at some unspecified date and then filed a § 2255 motion. Instead, defendant must show that he exercised due diligence in attempting to gather new evidence and that he filed his § 2255 motion within one year of the date from which the facts could be discovered. In this case, defendant must show that a person exercising due diligence could not have discovered evidence of Kaiser's and Hill's involvement in illegal activity before February 27, 2011. Due diligence does not mean "maximum" diligence on the part of the defendant, but it does mean that defendant must show that he made "reasonable efforts" to discover the new evidence in a timely manner. Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002); Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). A defendant does not have to "undertake repeated exercises in futility or to exhaust every imaginable option," but § 2255(f)(4) does "at least require that a prisoner make *reasonable* efforts to discover the facts supporting his claims." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008).

Defendant claims that he learned that Kaiser and Hill had been indicted "after a man came to the prison from Tulsa and happen [sic] to mention the fact that the officers were indicted." Dkt. # 28, at 1. However, he does not state when this allegedly occurred. The government states that statements by Kaiser admitting to misconduct in other cases were contained in an indictment that was unsealed on June 17, 2010, and the Tulsa World published an article about the indictment on

June 18, 2010. Defendant has attached a partial copy of the indictment in United States v. Wells et al., 10-CR-116-BDB, and that indictment was unsealed on July 20, 2010. See Dkt. # 18, at 8. Defendant does not describe the efforts he made to find this information or when he learned of the indictment. Defendant argues that he had no family in Tulsa and he had no reason to read the Tulsa World, and it does not appear that he was making any efforts to gather evidence to prove his alleged innocence after he was sentenced. Id. Defendant also argues that he plead guilty to avoid a harsher punishment, not because he was actually guilty, and he claims that he has asserted his innocence throughout these proceedings. Dkt. # 18, at 6; Dkt. # 28, at 2.

The Court will initially consider defendant's claim that he has asserted his innocence at every stage of the criminal proceedings. The record shows that defendant admitted to the essential elements of the offense in his petition to enter plea of guilty, and that he knew the Court would not accept his guilty plea if he intended to maintain his innocence. Dkt. # 13, at 2-3. In other words, defendant was clearly on notice before the change of plea hearing that he had to exercise his right to a jury trial if he believed that was innocent of the charged offense. At the change of plea hearing, the Court asked defendant if he was "pleading guilty of [his] own free will because you are guilty," and defendant answered "yes." Dkt. # 24, at 10. At defendant's sentencing hearing, he apologized for the "pain" that his criminal conduct had caused his family, and his plea for a reduced sentence was based, in part, on his willingness to admit his guilt. Dkt. # 25, at 8. Defendant did not begin to assert his innocence until he learned that the police officers who arrested him had been indicted on criminal charges. This Court finds that this belated assertion of innocence does impact the timeliness of his motion, because it suggests that he was not making reasonable efforts to gather evidence in support his the claim raised in his § 2255.

7

Even if defendant had claimed innocence throughout these proceedings, he must still show that his motion was filed within one year of the date that a person exercising due diligence should have discovered the new evidence giving rise to his motion. Defendant claims that "a man came to the prison from Tulsa and happen [sic] to mention the fact that the officers were indicted." Dkt. # 28, at 1. However, he does not state when this event occurred and this provides no support for a finding that defendant's § 2255 motion is timely. Defendant has also provided no evidence that he was diligently searching for evidence to prove his innocence at any time before he filed his § 2255 motion. Instead, it appears that he chose to file this motion after he learned of the allegations against the arresting officers in this case, and defendant has identified no other efforts he has made to discover evidence supporting his claim of innocence.

The Court finds that defendant has not shown that he filed his § 2255 motion within one year of the date from which a person exercising due diligence should have discovered facts in support of claim based on misconduct by Kaiser and Hill. Defendant has made no attempt to show when he first learned of the criminal investigation concerning the TPD, and he claims that the timeliness of his motion is irrelevant. See Dkt. # 28, at 1 ("It is actually irrelevant as to when the defendant filed his brief, when he found out about the arresting officers and if he plead guilty in open court to the indictment as it was stated."). On the contrary, § 2255 is clear that the Court may not consider the merits of an untimely motion. News of the Tulsa police corruption scandal became public as early as May 2010, and Kaiser and Hill's involvement was alleged in unsealed court documents, newspaper articles, and judicial decisions during the summer of 2010. See United States v. Williams, 2011 WL 489771 (N.D. Okla. Feb 7, 2011) (describing police corruption investigation and providing citations to articles dating back to May 2010); Miller v. City of Tulsa, 2010 WL

3607505 (Sept. 13, 2010) (dismissing civil rights claim for alleged wrongful arrest by Hill and citing newspaper article describing Hill's termination by the TPD). A person exercising due diligence would have learned well before February 27, 2011 of Kaiser's and Hill's alleged wrongful conduct, particularly if that person were actually searching for evidence to prove his innocence. Thus, defendant's § 2255 motion filed on February 27, 2011 is time-barred under § 2255(f), and the motion should be dismissed.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 18) is **dismissed with prejudice as time-barred**. A separate judgment is entered herewith.

**DATED** this 7th day of September, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE