**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 08-CR-0137-CVE** |
| | ) | **(13-CV-0479-CVE-FHM)** |
| AARON EUGENE COPELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion under Section 28 U.S.C. § 2255 (Dkt. # 42).

Defendant Aaron Eugene Copeland argues that he should be resentenced without application of the

Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), based on the Supreme Court's decision

in Descamps v. United States, 133 S. Ct. 2276 (2013).  He claims that his motion is timely under 28

U.S.C. § 2255(f)(3), because his motion was filed within one year of the Descamps decision and

Descamps created a newly recognized right that is applicable to cases on collateral review.

On August 5, 2008, a grand jury returned a one count indictment charging defendant with

being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the

indictment listed six prior felony convictions.  Dkt. # 2.  One of the prior convictions was a

California conviction for second degree burglary.  Defendant pled guilty to the charge in the

indictment and a pre-sentence investigation report (PSR) was prepared by the United States

Probation Office.  The PSR noted that defendant had three prior convictions that qualified as violent

felonies or serious drug offenses under the ACCA, and defendant was subject to a mandatory

minimum sentence of 15 years under the ACCA.  Defendant's second degree burglary conviction

was treated as a violent felony under the ACCA.  On December 5, 2008, defendant was sentenced

to 180 months imprisonment, and judgment and commitment was entered on December 9, 2008. Dkt. # 17, at 2.  Defendant did not file an appeal and his conviction became final on December 23, 2008.  On February 27, 2012, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 18), but the motion was filed more than one year after defendant's conviction became final and it was dismissed as time-barred.  Dkt. # 29.  Defendant sought a certificate of appealability from the Tenth Circuit Court of Appeals, but the Tenth Circuit denied his request for a certificate of appealability and dismissed his appeal.  Dkt. # 40.  Defendant has filed a second motion for relief under § 2255, and he argues that his conviction for second degree burglary should not have been treated as a violent felony based on Descamps.  Descamps was decided by the Supreme Court on June 20, 2013.

Defendant argues that his motion is timely under § 2255(f)(3), which states that the one year limitation period for filing an initial § 2255 motion shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  However, defendant has already filed a § 2255 motion and his motion was denied.  Dkt. # 29.  A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255.  See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th

2

Cir. 2006); <u>United States v. Torres</u>, 282 F.3d 1241, 1246 (10th Cir. 2002).  In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review.  <u>Bey v. United States</u>, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  <u>In re Cline</u>, 531 F.3d 1249, 1252 (10th Cir. 2008).  Citing <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."  <u>Cline</u>, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."  <u>Id.</u> at 1252 (citing <u>Phillips v. Seiter</u>, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Even though the Court lacks jurisdiction over defendant's motion, the Court must consider whether the motion should be transferred to the Tenth Circuit or dismissed for lack of jurisdiction. Defendant argues that <u>Descamps</u> announced a new rule of law that was made applicable to cases on collateral review and that he would not be subject to the ACCA based on the ruling in <u>Descamps</u>. In <u>Descamps</u>, the Supreme Court held that the California statute for burglary in the first degree was

3

nondivisible, and the district court erred by applying the modified categorical approach when sentencing the defendant under the ACCA.  <u>Descamps</u>, 133 S. Ct. at 2285-86.  Under the categorical approach, the Supreme Court found that the California burglary statute did not require breaking and entering as an element of the offense and a conviction under the statute did not constitute a generic burglary offense under the ACCA.  <u>Id.</u> at 2292-93.  <u>Descamps</u> concerns a matter of statutory interpretation as to whether a certain crime qualifies as a violent felony under the ACCA, and it did not announce a new rule of constitutional law.  The Tenth Circuit has found that intervening judicial interpretations of statutory law, such as the ACCA, do not constitute a new rule of constitutional law under § 2255(h)(2).  <u>Abernathy v. Wandes</u>, 713 F.3d 538, 546-47 (10th Cir. 2013) (second or successive § 2255 could not be filed based on the Supreme Court's decision in <u>Chambers v. United States</u>, 555 U.S. 122 (2009), because <u>Chambers</u> announced a new interpretation of the ACCA rather than a rule of constitutional law); <u>United States v. Williams</u>, 363 Fed. App'x 576 (10th Cir. Jan. 27, 2010) (<u>Begay v. United States</u>, 553 U.S. 137 (2008), provided a new interpretation of the ACCA but it did not constitute a new rule of constitutional law).[1]  <u>Descamps</u> did not announce a new rule of constitutional law and it is not likely that the Tenth Circuit would authorize the filing of a second or successive § 2255 motion.  The Court declines to transfer defendant's motion to the Tenth Circuit and finds that defendant's motion should be dismissed for lack of jurisdiction.

---

[1]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  <u>See</u> Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

**IT IS THEREFORE ORDERED** that defendant's Motion under Section 28 U.S.C. § 2255

(Dkt. # 42) is **dismissed for lack of jurisdiction**.   A separate judgment of dismissal is entered

herewith.

**DATED** this 6th day of August, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE