UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-0137-CVE |
| ) | |
| AARON EUGENE COPELAND, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Substantive Motion under 28 U.S.C. § 2255 (Dkt. # 54). Defendant argues that his sentence was improperly enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), because one of his predicate offenses was a second degree burglary conviction that the Supreme Court has determined is not a violent felony under the ACCA. Dkt. # 54, at 3. He claims that his motion is a "substantive" § 2255 motion that should not be subject to the limitations for the filing of a second or successive § 2255 motion. Id.

On August 5, 2008, a grand jury returned a single-count indictment charging defendant with possession of a firearm after former felony conviction in violation of 18 U.S.C. § 922(g)(1). Dkt. # 2. On September 9, 2008, defendant entered a guilty plea without a plea agreement. Defendant was sentenced to 180 months imprisonment, and he did not appeal his conviction or sentence. Dkt. # 17. On February 27, 2012, defendant filed a § 2255 motion (Dkt. # 18) asserting that he was innocent and that the arresting officers, Callison Kaiser and Eric Hill, had been charged with theft, drug crimes, and other illegal activity. He argued that his § 2255 motion was timely because it was filed within one year of his discovery of new evidence giving rise to his claims of police misconduct. The Court dismissed defendant's § 2255 motion as time-barred, because the Court found that a

person exercising due diligence would have learned of the facts giving rise to the claims more than one year before defendant filed his § 2255 motion. Dkt. # 29. Defendant requested a certificate of appealability from the Tenth Circuit Court of Appeals. Dkt. # 31. The Tenth Circuit denied defendant's request for a certificate of appealability and dismissed his appeal. Dkt. # 40. Defendant filed a second § 2255 motion (Dkt. # 42) and he claimed that he was entitled to relief under the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). The Court dismissed the motion for lack of jurisdiction because a request to file a second or successive § 2255 motion must be filed with the Tenth Circuit. Dkt. # 44. Defendant sought to appeal the dismissal of his second § 2255 motion, but the Tenth Circuit denied his request for a certificate of appealability. Dkt. # 53.

Defendant has now filed a "substantive" motion for relief under § 2255 (Dkt. # 54), and he argues that the motion should not be treated as a second or successive § 2255 motion.[1] Although defendant claims that the requirements for second or successive motions do not apply to his "substantive" motion, the Tenth Circuit has clearly stated that it is the relief sought, rather than a defendant's classification, that determines whether a motion should be deemed second or successive under § 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). Defendant is asking the Court to vacate his convictions, and this type of relief can be granted exclusively under § 2255. Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C.

---

[1] Defendant states that it would be "futile to argue the inadequacy or ineffectiveness of the section 2255 motion to result to the section 2241," and the Court treats this statement as an acknowledgment that the savings clause of § 2255(e) is inapplicable. Dkt. # 54, at 2.

2

§ 2255."). Defendant has already filed two § 2255 motions (Dkt. ## 18, 42 ) and the motions were dismissed, and this motion (Dkt. # 54) must be treated as a second or successive § 2255 motion.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In defendant's motion, he alleges that he should not have been sentenced under the ACCA and that the Supreme Court's decision in Descamps is retroactively applicable to his case. However, the Supreme Court has not made Descamps retroactively applicable to cases on collateral review, and Descamps does not provide a basis for defendant to file a second or successive motion under § 2255(h). See Newton v. Pearce, 2013 WL 6230622 (W.D. Tex. Dec. 2, 2013); Baldwin v. United States, 2013 WL 6183020 (D. Md. Nov. 25, 2013); Reed v. United States, 2013 WL 5567703 (M.D. Fla. Oct. 9, 2013). It would be a waste of judicial resources to transfer defendant's motion to the Tenth Circuit, and his motion (Dkt. # 54) should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Substantive Motion under 28 U.S.C. § 2255 (Dkt. # 54) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 8th day of January, 2014.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE