UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-0137-CVE |
| ) | |
| AARON EUGENE COPELAND, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Alter or Amend a Judgement (Dkt. ## 58, 59). Defendant asks the Court to reconsider its order (Dkt. # 55) dismissing his third 28 U.S.C. § 2255 motion for lack of jurisdiction or, if the Court lacks jurisdiction over his motion, to transfer his motion to the Tenth Circuit Court of Appeals for authorization to file a second or successive § 2255 motion.

On August 5, 2008, a grand jury returned a single-count indictment charging defendant with possession of a firearm after former felony conviction in violation of 18 U.S.C. § 922(g)(1). Dkt. # 2. On September 9, 2008, defendant entered a guilty plea without a plea agreement. Defendant was sentenced to 180 months imprisonment, and he did not appeal his conviction or sentence. Dkt. # 17. On February 27, 2012, defendant filed a § 2255 motion (Dkt. # 18) asserting that he was innocent and that the arresting officers, Callison Kaiser and Eric Hill, had been charged with theft, drug crimes, and other illegal activity. He argued that his § 2255 motion was timely because it was filed within one year of his discovery of new evidence giving rise to his claims of police misconduct. The Court dismissed defendant's § 2255 motion as time-barred, because the Court found that a person exercising due diligence would have learned of the facts giving rise to the claims more than

one year before defendant filed his § 2255 motion. Dkt. # 29. Defendant requested a certificate of appealability from the Tenth Circuit. Dkt. # 31. The Tenth Circuit denied defendant's request for a certificate of appealability and dismissed his appeal. Dkt. # 40. Defendant filed a second § 2255 motion (Dkt. # 42) and he claimed that he was entitled to relief under the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). The Court dismissed the motion for lack of jurisdiction because a request to file a second or successive § 2255 motion must be filed with the Tenth Circuit. Dkt. # 44. Defendant sought to appeal the dismissal of his second § 2255 motion, but the Tenth Circuit denied his request for a certificate of appealability. Dkt. # 53. Defendant filed a "substantive" motion for relief under § 2255 (Dkt. # 54), and he argued that his sentence should not have been enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court dismissed the motion for lack of jurisdiction, because the motion was a second or successive § 2255 motion. Dkt. # 55. The Court also found that defendant's arguments were not supported by any legal authority and that it would be a waste of judicial resources to transfer defendant's motion to the Tenth Circuit. Id. at 4.

Defendant asks the Court to reconsider its decision to dismiss his most recent § 2255 motion. Dkt. ## 58, 59. Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the

Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion when considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

Defendant's motion to alter or amend judgment (Dkt. ## 58, 59) directly challenges the merits of the Court's order (Dkt. # 55) denying his third § 2255 motion, and his motion cannot be classified as a "true" motion to alter or amend judgment. Defendant's motion should be treated as a second or successive § 2255 motion, and he must obtain leave from the Tenth Circuit to file such a motion. Defendant asks the Court to transfer his motion to the Tenth Circuit for authorization to proceed with a second or successive § 2255 motion. However, the motion raises the same arguments contained in his third § 2255 motion (Dkt. # 54) and the Court found no reason to transfer that motion to the Tenth Circuit. For the reasons stated in the Court's prior order (Dkt. # 55), the Court finds that defendant's motion to alter or amend judgment (Dkt. ## 58, 59) should not be transferred to the Tenth Circuit, and defendant's motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion to Alter or Amend a Judgement (Dkt. ## 58, 59) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 13th day of February, 2014.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE