# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-CR-0137-CVE |
| | ) (15-CV-0388-CVE-FHM) |
| AARON EUGENE COPELAND, | ) ) |
| Defendant. | ) |

## ORDER

Now before the Court is defendant's Petition for a Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. Section 2241 (Dkt. # 63). Defendant filed this motion in the United States District Court for the Eastern District of Arkansas asserting that he could challenge the validity of his sentence under 28 U.S.C. § 2241, because he is not permitted to file a second or successive motion under 28 U.S.C. § 2255 challenging his sentence based on the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). The motion was construed as a § 2255 motion and was transferred to this Court.

On August 5, 2008, a grand jury returned a single-count indictment charging defendant with possession of a firearm after former felony conviction in violation of 18 U.S.C. § 922(g)(1). Dkt. # 2. On September 9, 2008, defendant entered a guilty plea without a plea agreement. Defendant was sentenced to 180 months imprisonment, and he did not appeal his conviction or sentence. Dkt. # 17. On February 27, 2012, defendant filed a § 2255 motion (Dkt. # 18) asserting that he was innocent and that the arresting officers, Callison Kaiser and Eric Hill, had been charged with theft, drug crimes, and other illegal activity. He argued that his § 2255 motion was timely because it was filed within one year of his discovery of new evidence giving rise to his claims of police misconduct.

The Court dismissed defendant's § 2255 motion as time-barred, because the Court found that a person exercising due diligence would have learned of the facts giving rise to the claims more than one year before defendant filed his § 2255 motion. Dkt. # 29. Defendant requested a certificate of appealability from the Tenth Circuit. Dkt. # 31. The Tenth Circuit denied defendant's request for a certificate of appealability and dismissed his appeal. Dkt. # 40. Defendant filed a second § 2255 motion (Dkt. # 42) and he claimed that he was entitled to relief under the Supreme Court's decision in Descamps. The Court dismissed the motion for lack of jurisdiction because a request to file a second or successive § 2255 motion must be filed with the Tenth Circuit. Dkt. # 44. Defendant sought to appeal the dismissal of his second § 2255 motion, but the Tenth Circuit denied his request for a certificate of appealability. Dkt. # 53. Defendant filed a "substantive" motion for relief under § 2255 (Dkt. # 54), and he argued that his sentence should not have been enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court dismissed the motion for lack of jurisdiction, because the motion was a second or successive § 2255 motion. Dkt. # 55. The Court also found that defendant's arguments were not supported by any legal authority and that it would be a waste of judicial resources to transfer defendant's motion to the Tenth Circuit. Id. at 4. Defendant filed a motion to alter or amend judgment asking the Court to reach the merits of his § 2255 motion, but the Court construed his motion to alter or amend judgment as a second or successive § 2255 motion and dismissed it for lack of jurisdiction. Dkt. # 60. The Tenth Circuit denied defendant's request for a certificate of appealability. Dkt. # 62.

On January 2, 2015, defendant filed a motion in the Eastern District of Arkansas seeking relief under 28 U.S.C. § 2241, even though he acknowledged that he was not challenging the conditions of his confinement. Dkt. # 63, at 1. On July 9, 2015, the Eastern District of Arkansas

transferred the case to the Eighth Circuit Court of Appeals to determine whether to "certify" defendant's motion. However, the transfer order was withdrawn on the same day and the Eastern District of Arkansas transferred the motion to this Court, because defendant's motion challenged the validity of his sentence and a § 2255 motion could be filed only in the sentencing court.

Defendant argues that he should not have been sentenced as an armed career criminal under § 924(e), because one of his prior convictions for burglary should not have been treated as a violent felony. His argument is based on a Supreme Court decision that was decided after he was sentenced. See Descamps v. United States, 133 S. Ct. 2276 (2013). Defendant argues that the Court has the authority to reach the merits of his motion under the "savings clause" of § 2255(e), because he could not have filed a Descamps claim in his original § 2255 motion and he will be denied the opportunity to challenge his sentence unless he is permitted to proceed under the savings clause. Under § 2255(e), a defendant who has already filed an unsuccessful § 2255 motion may not file a second § 2255 motion "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." In exceptional circumstances, a federal prisoner may proceed under 28 U.S.C. § 2241 if he can establish that the remedy provided by § 2255 is inadequate or ineffective. Cleaver v. Maye, 773 F.3d 230 (10th Cir. 2014). The Tenth Circuit has explained that the circumstances under which the savings clause might apply are "extremely limited," and it is the prisoner's burden to show that the remedy provided by § 2255 is inadequate or ineffective. Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2013).

Federal courts have consistently rejected arguments that a federal prisoner may rely on the savings clause of § 2255 to assert a claim that his sentence is invalid in light of Descamps. Descamps does not apply retroactively to cases on collateral review, and a federal prisoner may not

rely on the savings clause to avoid the procedural requirements for filing a second or successive § 2255 motion in an attempt to bring a claim based on Descamps. Abney v. Warden, 2015 WL 4546193 (11th Cir. July 29, 2015); Green v. Maiorana, 600 F. App'x 935 (5th Cir. Apr. 22, 2015); United States v. Andrews, 2015 WL 3915630 (M.D. Fla. June 25, 2015); Frost v. Nicklin, 2015 WL 3407936 (D. Minn. May 27, 2015). The Supreme Court also plainly stated in Descamps that the result was dictated by existing precedent, and defendant could have raised the same argument at his sentencing hearing or in an initial § 2255 motion. Descamps, 133 S. Ct. at 2283. In his initial § 2255 motion, defendant chose not to assert claims that his burglary conviction was improperly treated as a violent felony or that he received ineffective assistance of counsel at this sentencing hearing, but these arguments were available to him and § 2255 provided defendant an adequate remedy to challenge his sentence. Defendant has not met his burden to show that the remedy provided by § 2255 is inadequate or ineffective.

The Court finds that defendant could have challenged the validity of his sentence in his initial § 2255 motion, and he cannot proceed under the savings clause of § 2255. Thus, his current motion must be treated as a second or successive § 2255 motion. Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do

4

so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

In a previous opinion and order (Dkt. # 55), the Court rejected defendant's argument that Descamps provided a basis for him to file a second or successive § 2255 motion, and the Court found that the Tenth Circuit would not be likely to authorize defendant to file a second or successive § 2255 motion. Defendant sought a certificate of appealability, and the Tenth Circuit denied authorization to file a second or successive § 2255 motion. Defendant raises the same arguments in this motion (Dkt. # 63), and for the same reasons as previously stated the Court declines to transfer defendant's motion to the Tenth Circuit. See Dkt. # 55, at 4.

**IT IS THEREFORE ORDERED** that defendant's Petition for a Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. Section 2241 (Dkt. # 63) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 10th day of September, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE