# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| :--- | :--- |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-CR-0137-CVE |
|  | ) (16-CV-0490-CVE-PJC) |
| AARON EUGENE COPELAND, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 73). Defendant received authorization from the Tenth Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255 asserting a claim based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). On June 13, 2016, defendant filed a § 2255 motion claiming that he is entitled to relief under Johnson, and he argues that he is no longer eligible for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). The Federal Public Defender for the Northern District of Oklahoma (FPD) has entered an appearance on behalf of defendant and has filed a supplemental brief in support of defendant's § 2255 motion.

## I.

On August 5, 2008, a grand jury returned a single-count indictment charging defendant with possession of a firearm after former felony conviction in violation of 18 U.S.C. § 922(g)(1). Dkt. # 2. On September 9, 2008, defendant entered a guilty plea without a plea agreement. A presentence investigation report (PSR) was prepared by the United States Probation Office. The PSR states that defendant was eligible for sentencing under the ACCA, because he had a prior

conviction for second degree burglary and two prior convictions that qualified as drug trafficking offenses. Under the ACCA, defendant faced a statutory mandatory minimum sentence of 15 years and a statutory maximum sentence of life imprisonment. Defendant had a total offense level of 30 and a criminal history category of IV. Defendant had an advisory guideline range of 135 to 168 months, but defendant's guideline sentence became 180 months due to the statutory mandatory minimum sentence required under the ACCA. Defendant was sentenced to 180 months imprisonment, and he did not appeal his conviction or sentence. Dkt. # 17.

On February 27, 2012, defendant filed a § 2255 motion (Dkt. # 18) asserting that he was innocent and that the arresting officers, Callison Kaiser and Eric Hill, had been charged with theft, drug crimes, and other illegal activity. He argued that his § 2255 motion was timely because it was filed within one year of his discovery of new evidence giving rise to his claims of police misconduct. The Court dismissed defendant's § 2255 motion as time-barred, because the Court found that a person exercising due diligence would have learned of the facts giving rise to defendant's claims more than one year before defendant filed his § 2255 motion. Dkt. # 29. Defendant requested a certificate of appealability from the Tenth Circuit. Dkt. # 31. The Tenth Circuit denied defendant's request for a certificate of appealability and dismissed his appeal. Dkt. # 40. Defendant filed a second § 2255 motion (Dkt. # 42) and he claimed that he was entitled to relief under the Supreme Court's decision in <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013). The Court dismissed the motion for lack of jurisdiction because had not received authorization from the Tenth Circuit to file a second or successive § 2255 motion must be filed with the Tenth Circuit. Dkt. # 44. Defendant sought to appeal the dismissal of his second § 2255 motion, but the Tenth Circuit denied his request for a certificate of appealability. Dkt. # 53. Defendant filed a "substantive" motion for relief under

§ 2255 (Dkt. # 54), and he argued that his sentence should not have been enhanced under the ACCA. The Court dismissed the motion for lack of jurisdiction, because the motion was a second or successive § 2255 motion. Dkt. # 55. The Court also found that defendant's arguments were not supported by any legal authority and that it would be a waste of judicial resources to transfer defendant's motion to the Tenth Circuit. Id. at 4. Defendant filed a motion to alter or amend judgment asking the Court to reach the merits of his § 2255 motion, but the Court construed his motion to alter or amend judgment as a second or successive § 2255 motion and dismissed it for lack of jurisdiction. Dkt. # 60. The Tenth Circuit denied defendant's request for a certificate of appealability. Dkt. # 62.

On January 2, 2015, defendant filed a motion in the United States District Court for the Eastern District of Arkansas seeking relief under 28 U.S.C. § 2241, even though he acknowledged that he was not challenging the conditions of his confinement. Dkt. # 63, at 1. On July 9, 2015, the Eastern District of Arkansas transferred the case to the Eighth Circuit Court of Appeals to determine whether to "certify" defendant's motion. However, the transfer order was withdrawn on the same day and the Eastern District of Arkansas transferred the motion to this Court, because defendant's motion challenged the validity of his sentence and a § 2255 motion could be filed only in the sentencing court. This Court found that defendant's motion should be treated as a second or successive § 2255 motion and dismissed the motion for lack of jurisdiction. Dkt. ## 65, 66.

On June 13, 2016, defendant filed a motion seeking authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion seeking relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral

3

review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[1] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). The Tenth Circuit granted defendant's request to file a second or successive § 2255 motion and stated that the filing date of defendant's authorized second or successive § 2255 motion was June 13, 2016. Dkt. # 72. Defendant's § 2255 motion (Dkt. # 73) is timely as to his assertion of a Johnson claim and the Court ordered plaintiff to respond to the motion. Plaintiff has filed a response (Dkt. # 77) in opposition to defendant's § 2255 motion and defendant has filed a reply (Dkt. # 78). The FPD requested to be appointed as counsel to assist defendant with his § 2255 motion. The Court granted the motion for appointment of counsel, and the FPD has filed a supplemental brief (Dkt. # 84) in support of defendant's § 2255 motion.

## II.

Plaintiff argues that defendant is not entitled to relief under Johnson, because none of the prior convictions used to enhance defendant's sentence was treated as a violent felony under the residual clause of the ACCA. Dkt. # 77, at 5-6. Defendant argues that the record is silent as to whether any of his prior convictions was treated as a violent felony under the residual clause, and

---

[1]  When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

he claims that he is required to show only that it was possible that the residual clause was used as a basis to enhance his sentence to state a claim for relief under Johnson. Dkt. # 84, at 2-4.

Defendant was convicted of being a felon in possession of a firearm in violation of § 922(g)(1) and, under 18 U.S.C. § 924(a)(2), the maximum punishment for this offense is 10 years imprisonment. However, if a defendant has three or more prior convictions that qualify as a violent felony or a serious drug offense, the defendant is subject to a statutory mandatory minimum sentence of 15 years imprisonment and a possible maximum sentence of life imprisonment under the ACCA. Prior to Johnson, the ACCA defined "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2). The latter section of this definition treating a prior conviction as a violent felony if it "involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." In Johnson, the Supreme Court found that the residual clause was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57. Johnson does not impact the validity of any other provision of the ACCA, and the Supreme Court stated that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses [burglary, arson, extortion, or involves the use of explosives], or the remainder of the Act's definition of a violent felony." Id. at 2563. The Supreme Court

subsequently determined that Johnson is retroactively applicable to cases on collateral review. Welch, 136 S. Ct. at 1268.

The Court must initially determine whether Johnson has any application to this case, because the Court has jurisdiction to consider defendant's second or successive § 2255 motion only to the extent that he may be entitled to relief under Johnson. Defendant does not argue that his drug trafficking offenses may have been treated as predicate offenses under the residual clause, but he claims that there is a possibility that the Court used the residual clause as the basis to treat his second degree burglary conviction as a violent felony. Defendant argues that the record is silent as to whether his second degree burglary conviction was treated as a violent felony because it was a burglary conviction or if the residual clause may have been applied. Dkt. # 84, at 3. Defendant claims that he need not show that the Court actually relied on the residual clause as long as it was possible that the residual clause could have been used to enhance his sentence. Id. at 7 (citing United States v. Hamilton, 235 F. Supp. 3d 1229 (N.D. Okla. 2017)).

Even if the Court were to accept defendant's arguments, the Court finds that there is no possibility that his burglary conviction was treated as a violent felony under the residual clause, and defendant has not asserted a claim that falls under Johnson. The PSR states that defendant and two other persons broke a store window, illegally entered the store, and stole 104 pairs of shoes. The PSR describes the offense in terms of breaking and entering into a building. There is no mention that the defendant or his accomplices engaged in conduct that "present[ed] a serious potential risk of physical injury to another." At defendant's change of plea hearing, the Court held a colloquy with the parties as to the applicability of the ACCA and described the key issue as whether defendant's burglary conviction met the statutory definition of a burglary under the ACCA. Dkt. # 24, at 3. The

Court advised defendant that it would not know if he qualified for sentencing under the ACCA until the probation office and his attorney gathered the necessary records to determine if his conviction qualified as a generic burglary. Id. at 4. There was no discussion of the residual clause at the change of plea hearing. In other words, the record is not silent as defendant as suggests, and the evidence is clear that defendant's conviction for second degree burglary was treated as a violent felony under the enumerated offense clause of the ACCA.

The Court finds that defendant has not asserted a claim for relief under Johnson and his § 2255 motion should be denied. Defendant was not sentenced under the ACCA under the residual clause and Johnson has no application in this case. Defendant argues that his second degree burglary conviction does not meet the definition of a generic burglary in light of the Supreme Court's decisions in Descamps v. United States, 133 S. Ct. 2276 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016). However, defendant did not receive authorization from the Tenth Circuit for this Court to independently examine his burglary conviction in light of Descamps or Mathis, and the Court cannot reach that issue unless he has asserted a Johnson claim.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 73) is **denied**. A separate judgment is entered herewith.

**DATED** this 25th day of October, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE